**FILED - GR**
November 4, 2024 1:24 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: ⟋⟋ / 11/5

## DISTRICT COURT of the united States
## WESTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

RICK FULTON, SR. and
KIM FULTON, husband and wife,
IN PRO PER

               Plaintiffs

v.

LILLY TOWNSHIP,
Michigan Municipal Township,
LILLY TOWNSHIP ZONING
BOARD OF APPEALS,
JEFFREY WROBLEWSKI,
Zoning Administrator,
Clifford H. Bloom (P35610) of Bloom Slugget, PC, et al
Honorable H. Kevin Drake, 78th Judicial District Court
Honorable Anthony A. Monton, 27th Circuit Court, Newago County
Bob Bouwens, Lilley Twp. Supervisor
Fran Nelson, Lilley Twp. Clerk
Kathryn Way, Lilley Twp. Treasurer
Judith Hoving, Lilley Twp. Trustee
Gerald Anderson, Trustee

               Defendants

Case No. _____ **1:24-cv-1168**

Hon. _____ **Hala Y. Jarbou**
               **Chief U.S. District Judge**

**CIVIL RIGHTS COMPLAINT**
**Title 28 USCA § 2201, 42 U.S.C. §1983,**
**§1985, 42 U.S.C. §1988 AND**
**INJUNCTIVE RELIEF**

Rick Fulton, Sr. and Kim Fulton
Pro Per
10756 N. Bingham
Bitely, Michigan 49309
rkmistymoon@gmail.com
231-729-3107

## <u>ORAL ARGUMENT REQUESTED</u>

**There is no other claim moved by the Plaintiff before this Court addressing the subversion**

**of THEIR Substantive Rights moved by Public Actors under the Color of State Law.**

1

**Complaint for Injunctive Relief.**

TABLE OF AUTHORITIES

**Cases**

1. California Drive-In Restaurant Ass'n v Clark, 22 Cal 2d 287, 302-303; 140 P2d 657 (1943)..................................................................................................................20

2. *Ex parte Young,* 209 U.S. 123 (1908)...........................................................10

3. Knick v Township of Scott Pennsylvania.........................................................21

4. Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272 (1856) ................10

5. Owen v. Independence  445 US 622, 657 (1980) ...............................................9

6. Village of Euclid v Ambler Realty, 272 US 365 (1926) .................................................20

7. Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U. S. 172 (1985) ..........................................................................................18

8. York v Detroit 438 Mich 734 (1991)..................................................................20

**Statutes**

1. Title 28 U.S.C.A § 2201 ......................................................................... 2

2. Title 28 U.S.C.A.§ 1981.............................................................................2

3. Title 28 U.S.C.A. § 1983  ...........................................................................2

4. Public 451 of 1994.....................................................................................6

5. Public Act 110 2006 ...............................................................................14

6. Public Act 110 of 2006 § 102 (o).................................................................7

7. Public Act 236 of 1961 § 8101 (1).................................................................8

8. Public Act 451 of 1994 ....................................................................... 10, 14, 15

9. Public Act 451 of 1994 § 301 (i).....................................................................8

10. Public Act 451 of 1994 § 301 (i):....................................................................6

11. Title 28 USCA Part IV § 1738 ..................................................................................16

**Constitutional Provisions**

1. Article VII § 17 of the Michigan State Constitution of 1963 .............................................7

2. Article VII §1 of the Michigan State Constitution of 1963 ...............................................8

3. Article VII §17 of the Michigan State Constitution of 1963 .............................................7

4. Article X § 5 of the Michigan State Constitution of 1963 ..................................................7

5. Constitution of the United States for the United States of America ..........................11, 16

6. Michigan State Constitution of 1963 ................................................................... 11, 12, 16

7. Michigan State Constitution of 1963 Article IV § 52 .....................................................15

8. Michigan State Constitution of 1963 Article X § 2 .........................................................13

9. Michigan State Constitution of 1963 Article X § 5 ..............................................9, 14, 15

10. Michigan State Constitution of 1963 clearly states in Article X § 5 ...............................12

**Rules**

1. MCR Rule 4.101(A) (1) (b) .............................................................................................12

2. Michigan Court Rules, Rule 4.101(A) (1) (b) .................................................................12

## TABLE OF CONTENTS

1. Table of Authorities ...................................................................................... 3 -4

2. Table of Contents .......................................................................................... 4-5

3. Jurisdictional Statement ...................................................................................... 5

4. Parties ......................................................................................................... 5 - 7

5.   Counts.................................................................................. 5-10

6.   Jurisdiction and Venue ........................................................... 8

7.   Federal Questions ............................................................. 9 - 10

8.   Statement of Fact ............................................................... 10 - 13

9.   Introduction and Summary of Argument .................................... 13- 14

10. Argument .......................................................................... 15 -20

11. Conclusion ........................................................................ 20

12. Prayer for Relief and Jury Demand......................................... 22

13. Attached Certificate of Service and Exhibits.

## JURISDICTIONAL STATEMENT

Jurisdiction of this Court arises under Title 28 U.S.C.A § 2201, Title 42 U.S.C.A § 1981, and

Title 42 U.S.C.A. § 1983 to address Constitutional and Lawful Wrongs moved by State Public

Actors from where to therefore grant Injunctive Relief as a matter of law.

## PARTIES

Respondent/Defendant Bob Bouwens is and was at all relevant times the duly elected

Supervisor of Lilley Township, State of Michigan.

Respondent/Defendant Fran Nelson is and was at all relevant times the duly elected Clerk

of Lilley Township, State of Michigan.

Respondent/Defendant Kathryn Way is and was at all relevant times the duly elected

Treasurer of Lilley Township, State of Michigan.

Respondent/Defendant Gerald Aderson is and was at all relevant times the duly elected Trustee of Lilley Township, State of Michigan.

Respondent/Defendant Judith Hoving is and was at all relevant times the duly elected Trustee of Lilley Township, State of Michigan.

Respondent/Defendant Jeffrey Wroblewski is and was at all relevant times the duly employee zoning officer of Lilley Township, State of Michigan.

Respondent/Defendant Clifford H. Bloom is and was at all relevant times the Attorney of Record for Lilley Township, State of Michigan.

Respondent/Defendant Honorable H. Kevin Drake is and was at all relevant times the duly elected Judge, 78th Judicial District Court, Newaygo County, State of Michigan.

Respondent/Defendant Honorable Anthony A. Monton, is and was at all relevant times the duly elected Judge, 27th Circuit Court, Court, Newaygo County, State of Michigan.

Respondents/Defendants of the Township of Lilley, and others not presently known to the Plaintiffs were, at all times material to this Complaint.  Plaintiffs sue all public employees of the Township of Lilley, County of Newaygo named in this cause of action in their official capacities, individually, severely and jointly for violation of the Plaintiffs rights under the color of law.  The Township of Lilley is responsible for the Training and Education of its employees and their knowledge of the laws they are required to enforce. This is the knowledge of the statutes as well as the Articles of the Constitutions controlling their Oath of Office.  At all times material to this Complaint, Respondents/Defendants acted toward Plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Michigan.

6

Respondent/Defendant **John and Mary Doe unknown are** and were at all relevant times duly appointed by the Township of Lilley, County of Newaygo.

## COUNT I

The Unlawful actions moved by State Public Actors violated this Plaintiff's Substantive Rights by denying this Target's constitutional constituted due processes of Law by Officers of the Public Trust Public acting in conspiratorial concert under the color of Public Law to inversely condemn private realty for public use.

## COUNT II

The Unlawful actions moved by Public Actors of the Local Units of Government moving in conspiratorial concert with State Public Actors to **Exact** the substantive rights of the Plaintiff under the color of Michigan State Public Acts by overtly violating the Michigan State Constitution of 1963 authorities for the regulation of the Public Domain.

## COUNT III

The Tortuous conduct of elected and appointed Officers sitting in the Michigan State Public Trust moving in conspiratorial concert to superimpose the Public Domain over the private realty of the Plaintiff in direct violation to Constitutional limitations by fraudulently moving an equitable claim in the Michigan Judicial System.

## COUNT IV

The advancement of a public conspiracy by elected and appointed Officers of the Public Trust to unconstitutionally and unlawfully suppresses under the color of law, the Plaintiff's God Given Unalienable Rights to Life, Liberty and Property.

## COUNT V

The wanton violation by elected and appointed Public Officers of the Public Trust who knowingly, intentionally, and willingly chose to violate their Constitutional Oath of Public Office

in order to advance their corrupted public policy for subverting the private rights of the Plaintiff under the color of State Public Enactments.

## COUNT VI

The overt conspiratorial denial of the Due Processes of Michigan State Law by appointed and elected public actors of the Public Trust, who knowingly used public monies, and resources to wrongfully target the Plaintiff in their corrupted design to constructively **Exact** her God Given Unalienable Rights, and Private Realty under the color of the State Constitution and Public Laws.

## COUNT VII

The cumulative violative wrongs committed by elected and appointed Officers of the Public Trust knowingly moving under the color of Michigan Public Acts to inversely condemn Private Realty for public use within the Township of Lilly, the County of Newaygo here within the exterior boundaries of the State of Michigan.

## COUNT VIII

All the acts of the elected and appointed Officers of the Public Trust, their officers, agents, servants, and employees, as alleged herein, were conducted under the color and pretense of the statutes, ordinances, regulations, customs, or usages, who are Public Officers situated within the employee of the Township of Lilly, the County of Newaygo and the State of Michigan.

## COUNT IX

The wrongful acts moved by  Clifford  H. Bloom (P35610) of Bloom Slugget, PC, et al and those yet unnamed, who singularly and collectively moved under the color of law, on the floor of the Court to advance the conspiratorial designs of the elected and appointed Officers of the Public Trust, their officers, agents, servants, and employees, as alleged herein, that were

conducted under color and pretense of the statutes, ordinances, regulations, customs, or usages within the Township of Lilley, the County of Newaygo and the State of Michigan.

## COUNT X
## CONSPIRACY RICO ACT 18 U.S.C. 1961-1968.

Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as though fully set forth in this complaint.

The Unlawful actions moved by Township of Lilley, County of Newaygo and Local Public Actors to deny the constitutionally constituted due process of Law was the intentional actions moved by Officers of the Public Trust, standing in collusion to advance conspiratorial action in Violation to Public Law limitations to unconstitutionally and unlawfully suppress under the color of law, the Plaintiffs God Given Unalienable Rights to Life, Liberty and Property

The Unlawful actions moved by State Public Actors in concert with the Local Public Actors of The Township of Lilley, County of Newaygo to **Exact** the substantive rights of the Claimant by intentionally violating Michigan State Public Acts by overtly violating the Michigan State Constitution of 1963 Article X § 5 that clearly limits the Public Actors to the regulation of State Lands

Defendant Township of Lilley, County of Newaygo is a municipal corporation, where Public Actors may not claim immunity for violating the laws of their Authority wherein said unlawful and unconstitutional acts are a direct violation of their Oath of Office.  **Owen v. Independence  445 US 622, 657 (1980)**  shall occur a liability imposed upon the local unit of government, inclusive of those public actors who advance the unlawful acts.

## COUNT XI
## FRAUDULENT MISREPRESENTATION

Complainant restates and incorporates by reference the allegations in the preceding paragraphs as fully set forth in this complaint.

Respondents Township of Lilley and unknown Respondents intentionally made false representations of material facts to Plaintiffs regarding the applicability of a local zoning ordinance as it relates to Private Real Property.

Respondent's representations were false when they were made.

Respondents knew of should have known that its representations were overtly contrary to the Michigan State Constitution, Article X § 5.

Respondents intended that Plaintiffs rely on their unlawful and unconstitutional representations. As a result of Respondent's fraudulent misrepresentations, Plaintiffs have suffered substantial economic loss of their property.

Plaintiffs request this Court to use its equitable powers to find ALL Respondents publicly and personally liable for damages in excess of $250,000.00 under the color of law and violation of their oath of office for the Fraud moved upon the local courts.

## **JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States.

2. Jurisdiction is conferred on this Honorable Court pursuant to Title 28 U.S.C.A. § 1331 and 1343. This Court has supplemental jurisdiction over the State law claim pursuant to Title 28 U.S.C.A. § 1367(a).

3. Plaintiffs' claims for declaratory and injunctive relief are authorized by Title 28 U.S.C.A. § 2201 and § 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, by *Ex parte Young,* 209 U.S. 123 (1908), and by the general legal and equitable powers of this Court.

4. Plaintiffs' claims request an award of their reasonable costs of litigation, including attorneys' fees and expenses, as authorized by Title 42 U.S.C.A. § 1988 and other applicable law.

5. This Honorable Court has supplemental jurisdiction regarding the remaining State claims pursuant to Title 28 U.S.C.A. § 1367, because the State claims arise out of the same nexus of facts and events.

Venue is proper under Title 28 U.S.C.A. § 1391(b) because the Office of the Governor of the State of Michigan, the Attorney General, the Michigan Department Health and Human Service, and Michigan Department of State Police are located in this judicial district of the United States District Court, Western District of Michigan wherein all Respondents and Plaintiffs are residents of the State of Michigan.

## **FEDERAL QUESTION**

6. Shall Public Act 110 of 2006 stand lawfully within its legislative limitations as codified in Article X § 5 of the Michigan State Constitution of 1963?

The Plaintiffs say, **YES.**

The Respondents say, **NO.**

7. Therefore, the Plaintiffs are entitled to injunctive relief against Respondents, to enjoin the Respondents from enforcing unconstitutional actions against Plaintiffs.

8. May the Township of Lilley move outside the constitutionally known scope of a Local Ordinance to Trespass the Private Rights, and Lands of a Michigan State Citizen.?

The Plaintiffs say,          **NO.**

The Respondents say,        **YES.**

9. Therefore, the Plaintiffs are entitled to injunctive relief against Respondents, to enjoin the Respondents from enforcing unconstitutional actions against Plaintiffs.

10. May the District Court of Newaygo County Michigan violate the State Constitutional Limitations imposed the Public Acts of the Legislature enacted for the regulation of State Lands?

The Plaintiffs Say,          **NO.**

The Respondents say,          **YES.**

11. Therefore, the Plaintiffs are entitled to injunctive relief against Respondents, to enjoin the Respondents from enforcing unconstitutional actions against Plaintiffs.

12. May the 27th Circuit Court of Newaygo County Michigan violate the State Constitutional Limitations imposed the Public Acts of the Legislature enacted for the regulation of State Lands?

The Plaintiffs say,          **NO.**

The Respondents say,          **YES.**

13.    Therefore, the Plaintiffs are entitled to injunctive relief against Respondents, to enjoin the Respondents from enforcing unconstitutional actions against Plaintiffs.

## STATEMENT OF PERTINANT FACTS AND PROCEEDINGS

14.    The PLAINTIFFS Rick and Kim Fulton ("the Fulton's)" are adult residents of Newaygo County, are Michigan State Citizens.

15.    The Privately owned real property that is the subject matter of this Complaint is located within the geographical situs of Lilley Township, Newaygo County, Michigan, commonly known as 12685 N. Woodbridge, Bitely, Michigan 49309 (Permanent Parcel No. 62-02-15-100-004) and legally described above:

16.    Plaintiffs Rick and Kim Fulton have not accepted nor applied to secure the benefit of standing as a Public Service Business.

12

17.     The now Private Real Property devolved from the public domain as acknowledged by the Land Patent dated March 30th, 1859. **Exhibit #1.**

18.     Plaintiffs Rick and Kim Fulton acquire the Private Real Property documented by an issued Warranty Deed dated the 28th of December 1998.

19.     The Fulton's Warranty Deed was recorded with the Newaygo County Register of Deed on January 8th, 1999, said filing documented in Liber 373, Page 4615 presented here as **Exhibit #2.**

20.     The Fulton's and Defendants have been involved in a long-term litigation originating in 2010 wherein the constitutionally constituted Local Unit of Government operating as the Township of Lilley have moved in overt violation of Article X § 5 of the Michigan State Constitution of 1963.

21.     A Local Unit of Government is an administrative municipal authority that falls within the legalistic limitations as prescribed in constitutional accordance with the Michigan State Constitution of 1963 Article VII §17[1].

22.     The Local Unit of Government[2] is enabled under Public Act 110 of 2006 to enact local regulatory ordinances addressing the regulation of State Land usage within its constitutionally constituted jurisdiction.

23.     The Local Unit of Government's governing authority, the Lilley Township Board of Commissioners had no lawful authority to authorize its adjunct authority, the Lilley Township Zoning Board to Trespass the private lands of this Michigander, the Plaintiff, under the color of Public Act 110 of 2006 enacted as a local ordinance[3] for the regulation of public rights.

---

1.   Each organized township shall be a body corporate with powers and immunities provided by law.

2.   Public Act 110 of 2006 § 102 (o):  "Local unit of government" means a county, township, city, or village.

3.   Public Act 246 of 1945 § 1(1): Except as otherwise provided in this subsection, the township board of a township, at a regular or special meeting by a majority of the members elect of the township board, may adopt

24.     The Local Unit of Government, operating as the Lilly Township had no statutory standing to present its alleged Ordinance Violations whose authority derived from the Local Law enacted in conformity to Public Act 110 of 2006, to sit upon the floor of the administrative unit subject to the superintending Control of the State Supreme Court that sat in equity under the color of Michigan Court Rules, Rule 4.101(A) (1) (b)[4].

25.     The Michigan State District Court is a statutory operation of law[5], defined as an administrative unit under the superintending Control of the State Supreme Court that sits in equity.

26.     The 78th Judicial District Court of Newaygo County colluded with the Township of Lilley in violation of Article X § 5 of the Michigan State Constitution of 1963 by granting the Defendants a favorable Judgment on August 12, 2010, by the hand of the Honorable H. Kevin Drake.

---

ordinances regulating the **public** health, safety, and general welfare of persons and property, including, but not limited to, ordinances concerning fire protection, licensing or use of bicycles, traffic, parking of vehicles, sidewalk maintenance and repairs, the licensing of business establishments, the licensing and regulating of public amusements, and the regulation or prohibition of public nudity, and may provide sanctions for the violation of the ordinances. The township shall enforce the ordinances and may employ and establish a police department with full power to enforce township ordinances and state laws. If state laws are to be enforced, a township shall have a law enforcement unit or may by resolution appropriate funds and call upon the sheriff of the county in which the township is located, the department of state police, or another law enforcement agency to provide special police protection for the township. The sheriff, department of state police, or other local law enforcement agency shall, if called upon, provide special police protection for the township and enforce local township ordinances to the extent that township funds are appropriated for the enforcement. Special township deputies appointed by the sheriff shall be under the jurisdiction of and solely responsible to the sheriff. Ordinances regulating traffic and parking of vehicles and bicycles must not contravene the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923. This subsection is subject to the local government occupational licensing act.

4.   MCR Rule 401(A) (1) (b):  If the infraction is a municipal civil infraction, the action may be initiated by an authorized local official serving a written citation on the alleged violator. If the infraction involves the use or occupancy of land or a building or other structure, service may be accomplished by posting the citation at the site and sending a copy to the owner by first-class mail.

5.   Public Act 236 of 1961 § 8101 (1): A district court is established in the state. The district court is a court of record. The state is divided into judicial districts of the district court each of which an administrative unit subject to the superintending control of the supreme court.

27.    The 27th Circuit Court of Newaygo County colluded with the Township of Lilley in

known violation of Article X § 5 of the Michigan State Constitution of 1963 by granting the

Defendants a favorable Judgment September 10, 2016, by the hand of Honorable Anthony A.

Monton subsequently recorded with the Newaygo Register of Deeds as Liber 463 Page 4754 et

al. **Exhibit #3.**

28.    The Public Actors of Lilly Township, the 78th Judicial District Court, and 27th Circuit

Court of Newaygo County lacked Constitutional and Statutory standing to invoke Article X § 5

State Land regulation over the Substantive Private Rights of the PLAINTIFFS Rick and Kim

Fulton or their Private Real Property.

## INTRODUCTION AND SUMMARY OF ARGUMENT

In this instant question moved here by the Plaintiff is to address the Constitutional and

Lawful wrongs committed by State and Local Public Actors who are moving under the color of

law to directly subordinate the Substantive Rights of thesePlaintiff by inversely condemning

their patented private lands for and to public use[6].

The Michigan State Legislature is limited to the regulation of Public Lands, which may

be implemented by legislative enactment that shall at all times stand within Constitutional

---

6.    Public Act 157 of 1905 § 1:  Any township or townships, being a contiguous or adjacent territory, may acquire
by gift or devise a tract of real estate which shall be contiguous or adjacent to the territory acquiring the same
for a free public park, resort, bathing beach or other place of recreation, and may hold such real estate in fee
simple for such purposes. The supervisor of each of such townships shall comprise a board of commissioners
for the control of such park or resort and in case any such supervisor shall decline to act as such commissioner,
then the township board shall designate a member of the township board to act as such commissioner. In case
there is only 1 township interested in such park, then the township board shall be the board of commissioners.
Such commissioners shall act in that capacity during the term of office to which they were elected respectively
in their townships and until their successors are elected and qualified.

Such commission shall have authority in the name or names of the interested township or townships to condemn
land for such purpose in accordance with the condemnation laws of this state.

Limitations, which in this instant case has been statutorily enacted as Public Act 157 of 1905, and Public Act 110 of 2006.

# ARGUMENT

This question addresses the subordination under the color of law by Public Actors of a Michigan State Citizen's Unalienable Rights as declared in the Fundamental Law of the American Republic:

Declaration of Independence

IN CONGRESS, July 4, 1776

**"We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. — That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed, —"**

IN order to assure these substantive rights, Michigan State Citizens stand upon the lawful fact that Michigan's State Constitutional provisions limit the reach of the State's Public Actors inclusive of the inherent constitutional standing that said State Public Actors shall not violate the Constitution of the United States for the United States of America and the laws enacted there under.  These State and Federal Constitutional limitations imposed upon Appointed and Elected State Officers sitting in the Public Trust who administer the laws enacted within constitutional limitations assures Michiganders that the State's Public Actors will address all Citizens equally under the law, to assure that a Michigan State Citizens' God Given Rights to Life, Liberty and Property will not be subordinated under the color of the Constitutionally Constituted Michigan State Legislature's Public Enactments.

The Michigan State Constitution of 1963 clearly states in Article X § 5, that "The legislature shall have general supervisory jurisdiction over-all state-owned lands useful for forest preserves, game areas and recreational purposes;"

17

The Michigan State Constitution of 1963, states in Article VII, that the Legislature may enumerate by legislative enactment the lawful authorities of all Local Units of Government, which shall be a body corporate, and or municipal authority. The legislatively enacted Municipal authorities shall first and always stand within the constitutional limitations as clearly prescribed within the limiting provisions of the Michigan State Constitution of 1963, and the Constitution of the United States for the United States of America.

The State Legislature is a creature of its constitutional limitations which substantiates its legislative enactments shall not subordinate the Substantive Rights of Michiganders or conflict with the takings clause of the Fifth Amendment[7] which in this instance questions, is an action of inverse condemnation collectively and singularly moved by Officers of the Public Trust, in a conspiratorial act to take hold of private real property in this instant case under the color of State Constitutional[8] law for public use.

The practiced hand of unbridled accountability is the hallmark of the Township of Lilley's public actors who work in concert with the State's judicial Officers to trespass the Substantive Rights of these Plaintiffs in known violation to the very laws and regulations they portend to have lawful standing to impose upon private lands here in the lands of the Wolverine.

State Land Regulations Claims moved in this instance case, moved under the Color of State Law in known lawful contravention to State Constitutional authorities by first Local Unit of Government Public Actors secondly in conspiratorial concert with State Judicial Actors to wantonly breach the Substantive Rights of this Plaintiffs is said conspiratorial bond

---

7. Constitution of the United States for the United States of America, Fifth Amendment

8. Michigan State Constitution of 1963 Article X § 2: Private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law.

of Public Actors' Machiavellian Scheme to inversely condemn private property for public use by wrongful administrative action that violates the Department's legal standing.

The Township of Lilley's authority in this instant case stands in conformity as constitutionally articulated in the Michigan State Constitution of 1963 Article X § 5, and statutorily implemented in this instant case locally under Public Act 110 of 2006, where this constitutional reach is clearly defined in Article X § 5 of the Michigan State Constitution of 1963.

The State of Michigan owns approximately 4.526 million acres[9] which is State land as defined in Article X § 5 of the Michigan State Constitution of 1963. The lands of these Plaintiffs are not leased from the State, nor owned by the State. The lands of the Plaintiffs are their private realty as authenticated and thereby certified by their Land Patent as paramount title.

It is clearly written in the Michigan State Constitution of 1963 Article X § 5 that the state's regulatory authority addressing realty sits exclusively within the **public domain**, This substantive limitation is secondly addressed in the Michigan State Constitution of 1963 Article IV § 52[10] which reiterates the regulatory sphere of the State addressing the conservation of natural resources. The administrative scope of these two comingling constitutional authorities was codified in Public Act 451 of 1994.

The Michigan Court addressed this Constitutional application of statutory authority in York v Detroit 438 Mich 734 (1991

---

9. Michigan Department of Natural Resources, Public Land Managed by the DNR: https://www.michigan.gov/dnr/0,4570,7-350-79136_79262---,00.html

10. Michigan State Constitution of 1963 Article IV § 52: The conservation and development of the natural resources of the state are hereby declared to be of paramount public concern in the interest of the health, safety and general welfare of the people. The legislature shall provide for the protection of the air, water and other natural resources of the state from pollution, impairment and destruction.

While a local unit of government, which is an agency of State Government,  may make such rules and regulations as are necessary for the efficient exercise of its powers expressly granted, "`an administrative agency may not, under the guise of its rule-making power, abridge or enlarge its authority or exceed the powers given to it by the statute, the source of its power,'" quoting <u>California Drive-In Restaurant Ass'n v Clark, 22 Cal 2d 287, 302-303; 140 P2d 657 (1943</u>.

These corrupted administrative practices regarding the regulation of private rights under the color of the Public Domain regulatory authority to administer licensed public rights dates back to <u>Village of Euclid v Ambler Realty, 272 US 365 (1926)</u>, where on page 387 the Court showed how bad case dicta leads to the corrupted practices of the aforementioned Michigan Public Actors this day.  Public Actors here in Michigan, whose customary public policy is the corrupted practices of violating Public Acts, from wherein said Actors see no wrong in violating the very authorities they swore in compliance to their Public Oath of Office[11], never to suborn under the color of law:

> **"And in this there is no inconsistency, for, while the meaning of constitutional guaranties never varies, the scope of their application must expand or contract to meet the new and different conditions which are constantly coming within the field of their operation. In a changing world, it is impossible that it should be otherwise. But although a degree of elasticity is thus imparted not to the *meaning,* but to the *application* of constitutional principles, statutes and ordinances which, after giving due weight to the new conditions, are found clearly not to conform to the Constitution of course must fall."**

The Constitution of the United States for the United States of America does not have a judicial elasticity clause, nor does the Michigan State Constitution of 1963.  Justice George

---

11.  Michigan State Constitution of 1963 Article X! § 1:  All officers, legislative, executive and judicial, before entering upon the duties of their respective offices, shall take and subscribe the following oath or affirmation: I do solemnly swear (or affirm) that I will support the Constitution of the United States and the constitution of this state, and that I will faithfully discharge the duties of the office of .......... according to the best of my ability. No other oath, affirmation, or any religious test shall be required as a qualification for any office or public trust.

Sutherland, who wrote the majority opinion in Village of Euclid in 1926, sat the pattern of constitutional elasticity used to suborn private rights under the color of the Public Domain's statutory reach that was advanced 92 years later, first on the floor of H. Kevin Drake's Court and subsequently supported on the floor of Anthony A. Morton's Court.

On June 21, 2019, the Court acknowledged in <u>Knick v Township of Scott Pennsylvania</u>[12], that <u>Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U. S. 172 (1985)</u> was not a proper judicial application for addressing Substantive Rights.

This precedent case dicta issued by the Court in 1985, precluded the State Citizen from addressing the State's wrongs in the Federal Court, for the Court would bar the claim by giving preclusive effect to the State court's decision by invoking Title 28 USCA Part IV § 1738 as its controlling limitation,

This legalistic bogeyman of poor judicial reasoning is clearly evident in the precedent set by Justice George Sutherland 92 years past on behalf of the Village of Euclid Ohio's Public Zoning Enactment, wherein by his hand, he judicially implemented an elasticity clause wherein by judicial decree any constitutional limitation may be amended under the color of the judicial bench. This 92 year old case Federal Court Case dicta is the baseline for erroneously advancing the public rights regulatory reach by State Public Actors here in Michigan, under the color of Public Act 110 of 2006 in a concerted effort by officers of the public trust to constructively envelope the private realty of these Plaintiffs within the Public Domain, all in direct violation to the Michigan State Constitution, and Public Acts enacted in conformity thereof.

<u>**CONCLUSION**</u>

**In Conclusion**, this is an action addressing the unconstitutional actions of Michigan State's Public Actors, who's unlawful conversion of Private Rights results in the inverse

---

12.  <u>Knick v Township of Scott Pennsylvania et. Al, June 21, 2019, No. 17–647</u>

condemnation of private realty for public use.  The unwarranted actions of these public actors, who initiated these unlawful actions stand in directed violation of the Constitution of the United States, and Michigan, when singularly and collective moved to **Exact** the Plaintiffs Substantive Rights by a cadre of conspiratorial Public Officers moving in direct violation to Constitutional Provisions, and the Michigan State Public Acts enacted in conformity thereof.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs respectfully request that this Honorable Court enter a judgment that:

    a.  Permanently enjoining defendants from enforcing their customs, policies, patterns and practices as described herein that violate constitutional rights.

    b.  Permanently, enjoining all defendants from taking any further retaliatory actions against plaintiff for exercising their constitutional rights to Private Property.

    c.  Award the plaintiffs with the full amount of compensatory damages as proven at trial, against all defendants' jointly and severally.

    d.  Award the full amount of punitive damages that the jury determines to be appropriate.

    e.  Award plaintiffs their reasonable attorneys' consulting fees, costs and disbursements; and

    f.  Grants plaintiff such other and further relief as the Court seems just and proper.

    g.  That this Honorable Court enter a judgment against the Respondents in such an amount as the trier of facts shall determine to be fair and just, but which sum will clearly exceed Two Hundred Fifty Thousand Dollars ($250,000.00); for Violations of Oath of Office, Denied Right to Reasonable Defense Arguments, Denied Right to Truth in Evidence, Denied Provisions

in the Constitution, Slavery (Forced Compliance to contract not held) 18 USC 3571.

### JURY DEMAND

The plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

This Complaint for Injunctive Relief and Civil Right Violations was submitted by the hands of Rick Fulton Sr., and Kim Fulton, Husband and Wife, this 18th Day of October 2024.

*/s/ Rick Fulton, Sr. and Kim Fulton*

Rick Fulton, Sr. and Kim Fulton
Pro Per
10756 N. Bingham
Bitely, Michigan 49309
rkmistymoon@gmail.com
231-729-3107

ATTACHMENTS:

EXHIBITS 1 THRU 3

PRESS FIRMLY TO SEAL


FSC
MIX
Board
FSC® C116916


PAPER
POUCH
how2recycle.info

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED


UNITED STATES
PRIORITY®

FROM:
Ricky R. Fulton, Sr.
10756 N. Bingham
Bitely Michigan, 49309

C/S

**UNITED STATES POSTAL SERVICE.**    *Retail*

**P**

US POSTAGE PAID
**$10.45**
Origin: 48617
10/31/24
2518700910-9

**PRIORITY MAIL®**

1 Lb 1.40 Oz
**RDC 03**

EXPECTED DELIVERY DAY:  11/02/24

C040

SHIP
TO:

STE 399
110 MICHIGAN ST NW
GRAND RAPIDS MI 49503-2317

**USPS TRACKING® #**



9505 5103 2872 4305 5631 82

TO:

US District Court
399 Federal Building
110 Michigan St NW,
Grand Rapids, MI 49503









