UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK FULTON, SR., et al.,

     Plaintiffs,

                                Case No. 1:24-cv-1168

v.

                                Hon. Hala Y. Jarbou

LILLY TOWNSHIP, et al.,

     Defendants.

_____/

## **OPINION**

     Plaintiffs Rick Fulton, Sr., and his wife, Kim Fulton, bring this six-count action *in pro per*, claiming violations of their rights under various provisions of the laws and constitutions of the United States and Michigan.  The case arises out of a series of zoning disputes between Plaintiffs and Lilley Township dating back to 2010.  Plaintiffs are suing Lilley Township, its Zoning Board of Appeals, the Zoning Administrator, and the entire membership of the Township Board ("Township Defendants").[1]  Plaintiffs are also suing Clifford Bloom, the township's retained attorney; 78th District Court Judge Kevin Drake; and 27th Circuit Court Judge Anthony Monton. Plaintiffs seek compensatory and punitive damages, as well as injunctive relief.

     Before the Court are Defendants' motions to dismiss.  (ECF Nos. 34, 35, 39.)  Plaintiffs have responded to each motion with what they style as a "Motion of Objection."  (ECF Nos. 42, 43, 44, 45, 46.)[2]  Plaintiffs' responses are nearly identical, and none of them engage with any of

---

[1] The case caption comes from the complaint, which misspelled Lilley Township.  This opinion will use the correct spelling.

[2] Plaintiffs' responses at ECF Nos. 44 and 46 are exact duplicates of their responses filed at ECF Nos. 43 and 45, respectively.

the arguments raised in the respective motions to dismiss.  Instead, Plaintiffs focus primarily on their contention that counsel for each Defendant is, by virtue of being a member of a professional corporation, practicing law illegally, in violation of Michigan Compiled Laws § 450.681.[3]  They otherwise complain about errors and statements the magistrate judge allegedly made, and they repeat a number of assertions made in their complaint.

Plaintiffs' failure to address any of the Defendants' arguments in the motions to dismiss results in a forfeiture of those issues.  *Ellison v. Knox Cnty.*, 157 F. Supp. 3d 718, 724-25 (E.D. Tenn. 2016) ("It is well established in the Sixth Circuit that failure to respond to an argument made in support of a Rule 12(b)(6) motion to dismiss a claim results in a forfeiture of the claim." (citing *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013))); *Washington v. Roosen, Varchetti & Oliver, PPLC*, 894 F. Supp. 2d 1015, 1027 (W.D. Mich. 2012) ("Failing to respond to arguments properly raised in a motion to dismiss constitutes abandonment of that position.").  This failure alone is a sufficient basis to grant the motions to dismiss.  *See, e.g., Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631 (W.D. Mich. 2015) (granting motion to dismiss and noting that "Plaintiff fatally provides no opposition to Defendants' arguments").  Moreover, having reviewed the amended complaint and Defendants' arguments in favor of dismissal, the Court finds ample bases for dismissing the complaint.

---

[3] The statute prohibits corporations from practicing law.  But there is nothing in the statute that prohibits a licensed attorney from practicing law simply because he or she is a member of a professional corporation. At least one court has acknowledged the infirmity of such a claim.  *See Lamie v. Morgan*, No. 4:24-cv-11101, 2025 WL 444671, at *4 (E.D. Mich. Feb. 10, 2025) ("[I]t is not at all unusual for lawyers appearing before this Court to be partners of or associated with or employed by a law firm organized as a professional corporation." (emphasis in original)).

# I. BACKGROUND

**A. History**

Plaintiffs are owners of real property located in Lilley Township within Newaygo County, Michigan ("the Property"), having acquired the Property by Warranty Deed dated December 28, 1998.  (Am. Compl. ¶¶ 16, 19, ECF No. 31; Warranty Deed, ECF No. 31-2, PageID.423.)  The Property is zoned general commercial.  (*Lilley Twp. v. Fulton*, Nos. 09-6130, etc. (78th Dist. Ct. Aug. 12, 2010), ECF No. 39-2, PageID.535.)[4]

In 2009, the township issued 25 civil infraction citations to Mr. Fulton for violations of the township's Zoning Ordinance regarding the Property.  (*Id.*, PageID.534.)  The alleged violations included use of the Property without "special land use" approval, unlawful travel trailer use, failure to obtain site plan approvals, having two main uses on the same property, holding unpermitted concerts, sign-related violations, and other unpermitted uses.  (*Id.*, PageID.535-36.)  On November 19, 2009, Mr. Fulton pled responsible to a site plan violation, and the other citations were dismissed.  (*Id.*, PageID.535.)

After Mr. Fulton allegedly failed to bring the Property into zoning compliance, eighteen of the citations were reinstated, and he was given a formal hearing in July 2010 before Defendant Judge Drake.  (*Id.*)  Defendant Zoning Administrator Jeff Wrobleski testified at the hearing as to each of the alleged violations, and a number of exhibits were admitted.  (*Id.*, PageID.535-36.)  Mr. Fulton participated in the hearing, and he testified that the township zoning administrator did not enforce the Zoning Ordinance equally among residents, and that the camping and concerts held on the Property were temporary uses not requiring permits.  (*Id.*, PageID.536-37.)  Judge Drake issued

---

[4] Plaintiffs cite this opinion in the amended complaint, and they attach all but the first two pages of it as Exhibit 3 to the complaint.  (*See* Am. Compl. ¶ 27; Ex. 3, ECF No. 31-3, PageID.424-27.)

an Opinion and Judgment on August 12, 2010, finding Mr. Fulton responsible for five citations. (*Id.*, PageID.537.)  He imposed $500.00 in fines and an equal amount in costs, and he assessed $1,500 in attorney fees against Mr. Fulton.  (*Id.*, PageID.538.)  Finally, the judge ordered Mr. Fulton to bring the Property into compliance with the township's Zoning Ordinance within 45 days, "retaining jurisdiction to ensure compliance."  (*Id.*)

Zoning disputes arose again in 2014.  On April 2, 2014, Plaintiffs attempted an appeal to the Zoning Board of Appeal of a directive by Zoning Administrator Wrobleski that Plaintiffs had to comply with the August 12, 2010, district court order, and provide a site plan and application regarding their intent to use the Property for a special event.  (*See* Opinion, *Fulton v. Lilley Twp.*, No. 14-20038-AA (27th Cir. Ct., Newaygo Cnty., Apr. 12, 2016), ECF No. 39-3.)[5]  Mr. Wrobleski returned Plaintiffs' filing fee and informed them that an appeal of his directive was not permissible. (*Id.* at 3.)  In an April 17, 2014, letter, the township's attorney advised Plaintiffs that the township would not entertain any zoning applications from them until Plaintiffs brought the Property into compliance with the August 12, 2010, order and the township's Zoning Ordinance.  (*Id.*)

On April 28, 2014, Plaintiff Rick Fulton filed a second appeal with the Zoning Board of Appeals.  (*Id.*)  The board distilled the appeal into three decisions by Zoning Administrator Wrobleski: (1) that the Fultons were in noncompliance with the Zoning Ordinance and the August 12, 2010, district court order; (2) that the Fultons could not use the Property for a camping recreation area without approval from the Planning Commission; and (3) that the Fultons could not use the Property for a commercial camping recreation area without a zoning permit. (*Id.*)  The Zoning Board of Appeals denied Plaintiffs' appeal on September 15, 2014.  (*Id.*)  Plaintiffs

---

[5] Plaintiffs cite this decision in the amended complaint, and attach the judgment as Exhibit 3 to the complaint.  (*See* Am. Compl. ¶ 28; Ex. 3, ECF No. 31-3, PageID.429-34.)

challenged that decision in an action before the 27th Circuit Court in Newaygo County.   On April 12, 2016, Defendant Circuit Judge Anthony Monton issued an Opinion and Order affirming the Zoning Board of Appeals's decision.  (*Id.* at 6.)

The Newaygo County Circuit Court case also included a counter-complaint by Lilley Township, Lilley Township Zoning Board of Appeals, and Zoning Administrator Wrobleski, seeking to enforce the township's Zoning Ordinance against Plaintiffs.  (*See* Judgment, *Fulton v. Lilley Twp.*, No. 14-20038-AA (27th Cir. Ct., Newaygo Cnty., Oct. 31, 2016), ECF No. 39-4, PageID.548.)   On October 31, 2016, Circuit Judge Monton entered judgment in favor of the township counter-complainants, including a declaratory judgment that Plaintiffs and the Property had been, and continued to be, in violation of the Lilley Township Zoning Ordinance, and that the August 12, 2010, order of the district court was binding on Plaintiff Rick Fulton.  (*Id.* at 2-5.) Circuit Judge Monton enjoined Plaintiffs from using the Property for camping, concerts, a recreation facility, sales or storage of trailers or recreation vehicles, or auctions, without a special land use approval; and he ordered the removal of two accessory buildings and all non-approved signage.  (*Id.* at 6-7.)  Judge Monton ordered Plaintiffs to pay the township counter-complainants' attorney fees and costs.  (*Id.* at 6.)

Plaintiffs filed an application with the Michigan Court of Appeals for leave to appeal the circuit court's October 31, 2016, judgment.  That application was denied on April 25, 2017, "for lack of merit on the grounds presented."  (Order, *Fulton v. Lilley Twp.*, No. 335788 (Mich. Ct. App. Apr. 25, 2017), ECF No. 39-5.)

Plaintiffs allegedly did not comply with October 31, 2016, judgment, and on September 15, 2017, Judge Robert Springstead found Plaintiffs in civil contempt "as it relates to the presence and use of signs, buildings, campers, and accessory structures on [the Property]."  (Stip. & Order,

*Fulton v. Lilley Twp.*, No. 14-20038-AA (27th Cir. Ct., Newaygo Cnty., Sept. 15, 2017), ECF No. 39-6, PageID.561.)  Judge Springstead ordered Plaintiffs to pay monetary sanctions, as well as attorney fees and costs.  (*Id.*, PageID.562.)  He also ordered Plaintiffs to remove all non-conforming signs by May 17, 2017; to remove a two-story structure by October 1, 2017; and to remove certain other buildings and structures by June 14, 2017.  (*Id.*, PageID.562-63.)

### B. Procedural History

On November 4, 2024, Plaintiffs filed their complaint in this action.  (ECF No. 1.)  They amended it on December 31, 2024.  (ECF No. 31.)

Plaintiffs' amended complaint is hardly a model of clarity.  It is evident, however, that each of Plaintiffs' claims is predicated on their novel theory that Lilley Township lacked authority under Michigan's Constitution to enact a zoning ordinance for non-public lands.[6]  (*See, e.g.*, Am. Compl. ¶¶ 10, 16-25, 29; *see also* Assignee's Decl. of Land Patent, signed by Pls. on Jul. 25, 2024, ECF No. 21-1, PageID.398-400.)  Reading it indulgently, Plaintiffs' claims appear to include the following:

| | |
|---|---|
| Count I: | Township Defendants violated Plaintiffs' substantive due process rights by conspiring to willfully and unlawfully extend the Lilley Township Zoning Ordinance to property not owned by the township.[7] |
| Count II: | "Public Corporations acting as Attorneys at Law" conspired with Township Defendants to deprive Plaintiffs of their substantive due process rights by advancing and defending the township's efforts to extend the Zoning Ordinance to property not owned by the township. |

---

[6] The Michigan Constitution "confers no grant of police power of zoning directly upon cities." *Krajenke Buick Sales v. Koplowski*, 33 N.W.2d 781, 782-83 (Mich. 1948).  But the state legislature has empowered local municipalities to establish zoning regulations through the Zoning Enabling Act, Mich. Comp. Laws § 125.3202(1).  *See Whitman v. Galien Twp.*, 808 N.W.2d 9, 14 (Mich. Ct. App. 2010).  "A zoning ordinance is defined as an ordinance which regulates the use of land and buildings according to districts, areas, or locations." *Square Lake Hills Condo. Ass'n v. Bloomfield Twp.*, 471 N.W.2d 321, 323 (Mich. Ct. App. 1991).

[7] This appears to be a substantive due-process claim, not a regulatory takings claim, as Township Defendants assert (*see* Township Defs.' Br. Supp. Mot. 17-18, ECF No. 39).

Count III:    Judges H. Kevin Drake and Anthony Monton breached their oaths of office and conspired with other defendants to deprive Plaintiffs of their substantive due process rights by upholding the township's extension of its Zoning Ordinance to property not owned by the township.

Count IV:    Township Defendants committed a fraud upon the court through the "engagement of a Public Corporation portending to be [an] 'Attorney at Law' . . . to advance their unconstitutional claims" during the underlying zoning enforcement actions against Plaintiffs' private property.

Count V:    Township Defendants "violated their Constitutional Oath of Public Office" in order to advance a corrupt policy of extending the Zoning Ordinance to Plaintiffs' private property.

Count VI:    Township Defendants and Judges Drake and Monton violated Plaintiffs' federal and state constitutional rights by conspiring to advance "fictitious pecuniary designs" through the extension of the Zoning Ordinance to Plaintiffs' private property.

(Am. Compl. 7-10.)

Township Defendants bring their motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine; that the claims are barred by the statute of limitations and *res judicata*; and that the amended complaint fails to state a cognizable claim. (ECF No. 39.) Defendants Judges Drake and Monton bring their motion under Rule 12(b)(6), asserting judicial immunity. (ECF No. 34.) Defendant Bloom's motion relies on Rule 12(b)(6), arguing that Plaintiffs' claims are time-barred, and that they fail to state a cognizable claim against him. (ECF No. 35.)

## II. LEGAL STANDARDS

### A. Motions to Dismiss for Lack of Subject Matter Jurisdiction

If a challenge is asserted to the Court's subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Houchens v. Beshear*, 850 F. App'x 340, 342 (6th Cir. 2021). Moreover, the Court "must" consider a jurisdictional challenge first because Defendants' other arguments for relief are moot if the Court lacks jurisdiction. *Id*.

7

Motions challenging subject matter jurisdiction may be based on a "facial" or a "factual" attack.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack challenges jurisdiction looking only to the allegations in a complaint, taking them as true, while a factual attack challenges "the factual existence of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  In a factual attack, a court has broad discretion as to what evidence to consider, including evidence outside of the pleadings, and it "has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id*. at 759-60 (citing *Ritchie*, 15 F.3d at 598).

### B. Motions to Dismiss for Failure to State a Claim

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id*.; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The burden to obtain relief under Rule 12(b)(6) rests with the defendant.  *See, e.g.*, *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Id*.

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and are central to the claims therein.  *See Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Continental Identification Prods., Inc. v. EnterMarket, Corp.*, No. 1:07-CV-402, 2008 WL 51610, at *1 n.1 (W.D. Mich. Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits . . . in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 F. App'x 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## III. ANALYSIS

### A. The *Rooker-Feldman* Doctrine Does Not Apply

Township Defendants seek dismissal of Plaintiffs' claims under Rule 12(b)(1) for lack of subject-matter jurisdiction, arguing that, because Plaintiffs' complaint essentially challenges the merits of the state court decisions regarding the zoning issues, their claims fall within the ambit of the *Rooker-Feldman* doctrine.  (Township Defs.' Br. Supp. Mot. 10-11, ECF No. 39.)  But the *Rooker-Feldman* doctrine is much more limited in application than Township Defendants contend.

The doctrine, and its name, relates to holdings in two Supreme Court opinions.  In the *Rooker* case, the plaintiffs challenged the constitutionality of a state-court judgment, and asked a

federal court to declare it "null and void."  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923).  The Supreme Court held that, even if the state-court decision was wrong, "that did not render the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding."  *Id.* at 415.  The Supreme Court noted that, by Act of Congress, it alone "has the authority to entertain a proceeding to reverse or modify the judgment for errors of that character."  *Id.* at 416.

In the *Feldman* case, two plaintiffs brought suit in federal court seeking to overturn a decision of the District of Columbia court, denying their petition to waive a rule requiring bar applicants to have graduated from an accredited law school.  *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 468-74 (1983).  Concluding that the District of Columbia's decision was "judicial in nature," the Supreme Court held that the federal court lacked subject-matter jurisdiction to consider the matter.  *Id.* at 482.

More recently, the Supreme Court has criticized the unwarranted expansion of the *Rooker-Feldman* doctrine by lower courts.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("[T]he doctrine has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738.").  In *Exxon*, the Court clarified that "[t]he *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced and inviting the district court review and rejection of those judgments."  *Id.* at 284.

While the claims in Plaintiffs' amended complaint are largely indecipherable, it is evident that they are not simply challenging the merits of the judicial decisions of Judges Drake and Monton.   Plaintiffs allege, albeit inartfully, that the judges conspired with other non-judicial defendants to deprive Plaintiffs of their constitutional rights.   In other words, Plaintiffs are not simply complaining that the judges got the legal issues wrong; they are complaining that the judges engaged in misconduct.   To be sure, as will be demonstrated below, there are bases for dismissing the claims against Judges Drake and Monton, but the *Rooker-Feldman* doctrine is not one of them.[8]

### B. Plaintiffs' Claims are Barred by the Statute of Limitations

Township Defendants and Defendant Bloom seek dismissal of Plaintiffs' claims under Rule 12(b)(6), arguing that all of the claims are barred by the statute of limitations.   (Bloom's Br. Supp. Mot. 8-10, ECF No. 36; Township Defs.' Br. Supp. Mot. 8.)   As the statute of limitations is an affirmative defense (*see* Fed. R. Civ. P. 8(c)(1)), it is generally not suitable for resolution by way of a Rule 12(b)(6) motion.   *See Engleston v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 616 (6th Cir. 2013).   There is an exception to this general rule, however, when the complaint shows on its face that relief is barred by the affirmative defense.   *See Rauch v. Day & Night Mfg. Corp*, 576 F.2d 697, 702 (6th Cir. 1978).   In *Rauch*, the Sixth Circuit noted that "it is uniformly held that the defense of limitations may be raised by a Rule 12 motion to dismiss when . . . the time alleged in the complaint shows that the action was not brought within the statutory period."   *Id.* (citations omitted); *see also Jones v. Bock*, 549 U.S. 199, 216 (2007) ("If the allegations . . . show that relief

---

[8] Township Defendants' argument in favor of the application of *res judicata* (Township Defs.' Br. Supp. Mot. 8-10) is similarly unavailing.  As Plaintiffs' claims go beyond the scope of the matters decided in the state-court cases–i.e., alleged conspiracies between all defendants, including Judges Drake and Monton– Defendants cannot prove, as they must, that "the matter in the second case was, or could have been resolved in the first."  *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 817 (6th Cir. 2010) (citing *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007)).  Defendant Bloom's *res judicata* argument (Bloom's Br. Supp. Mot. 17-20, ECF No. 36) fails for the same reason.

is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) ("[S]ometimes the allegations in the complaint affirmatively show that the claim is time-barred.  When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate.").[9]

Plaintiffs cite 42 U.S.C. §§ 1981, 1983, and 1988, along with the Eleventh Amendment and 28 U.S.C. § 2201, as the jurisdictional hooks for bringing their claims in federal court.  (Am. Compl. 5.)  Section 1988 provides mechanisms for recovering attorney fees and expert fees to a prevailing party in a civil rights case, *see* 42 U.S.C. § 1988(b), (c), but it does not provide an independent cause of action, *see, e.g., Hall v. Wooten*, 506 F.2d 564, 568 (6th Cir. 1974).  The Eleventh Amendment is plainly inapposite, as it simply provides sovereign immunity to each state for claims brought by citizens of another state.  *See* U.S. Const. amend. XI.  28 U.S.C. § 2201 does not confer jurisdiction, but rather allows the Court to provide declaratory relief in cases in which the Court already has jurisdiction.  *See* 28 U.S.C. § 2201(a).

With respect to the §§ 1981 and 1983 claims, as there is no federal statute of limitations for claims under these provisions, this Court must look to the most analogous statutes in Michigan law.  *See Phifer v. Grand Rapids*, 657 F. Supp.2d 867, 872 (W.D. Mich. 2009) (citing *Owens v. Okure*, 488 U.S. 235, 236 (1989); *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 512-14 (6th Cir. 2003)).  In Michigan, the statute of limitations for claims under §§ 1981 and 1983 is three years.  *See Phifer*, 657 F. Supp.2d at 873 (citing *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005)).

While state law controls the length of the limitations period, federal law determines the point in which a cause of action accrues.  *Thomas v. Copeland*, 758 F. App'x 377, 380 (6th Cir.

---

[9] Defendant Judges Drake and Monton did not include the statute of limitations issue in their motion to dismiss, but they have raised it as an affirmative defense (ECF No. 7).

2018).  A cause of action accrues when an individual discovers, or in the exercise of reasonable diligence should have discovered, both his injury and the responsible party.  *Hall v. Spencer Cnty.*, 583 F.3d 930, 933 (6th Cir. 2009).  Plaintiffs were well aware of the actions of all the Defendants that led to adverse court decisions at issue in this case by October 31, 2016, the date of the final judgment of 27th Circuit Court (Judge Monton).  While the amended complaint is poorly written and difficult to decipher as to the factual and legal bases of Plaintiffs' claims, it is readily apparent that Plaintiffs brought this lawsuit seeking redress of harms allegedly resulting from the legal proceedings in the 78th District Court and the 27th Circuit Court.  Those proceedings occurred in 2010 and 2016, respectively.  (*See* Am. Compl. ¶¶ 27-28.)

Plaintiffs waited more than eight years from the judgment in the 78th Circuit Court to file their initial complaint.  It is readily apparent from the amended complaint itself that Plaintiffs' claims fall well outside of the three-year statute of limitations.

Defendants having established that the statute of limitations has run on each of the claims, the burden shifts to Plaintiffs to establish an exception to the statute of limitations.  *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).  As Plaintiffs have failed to respond to this issue, all the claims in the amended complaint are subject to dismissal as time- barred.

### C. Judges Drake and Monton are Entitled to Judicial Immunity

Defendants Judges Drake and Monton argue that Plaintiffs' claims should be dismissed against them because they are entitled to judicial immunity.  (Judges' Br. Supp. Mot. to Dismiss 6-11, ECF No. 34.)  The Court agrees.

It is a longstanding principle of jurisprudence that judicial officers enjoy absolute immunity for actions they take in the course of their judicial duties.  *See Bradley v. Fisher*, 80 U.S. 335, 347 (1871) ("It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own

convictions, without apprehension of personal consequences to himself."). Judicial immunity cannot be overcome "by allegations of bad faith or malice," *Mireles v. Waco*, 502 U.S. 9, 11 (1991), as "[it] applies even when the judge is accused of acting maliciously and corruptly," *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Judicial immunity can be overcome in only two circumstances: first, for nonjudicial actions—that is, actions taken outside of the judge's judicial capacity—and second, for judicial actions taken wholly without any jurisdiction. *See Mireles*, 502 U.S. at 11-12. An act is judicial if the nature of the act is a "function normally performed by a judge," and the parties to the action perceived that they were dealing with the judge in the judge's judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Neither of these exceptions applies here. Both Judge Drake and Judge Monton were plainly acting in their judicial capacities when deciding the cases before them, and Plaintiffs make no suggestion that either judge lacked jurisdiction to decide their respective case. Instead, at most, Plaintiffs contend that the judges exercised their judicial functions maliciously, corruptly, and in bad faith, none of which is sufficient to overcome immunity. *See Mireles*, 502 U.S. at 11; *Pierson*, 386 U.S. at 554.

Plaintiffs' amended complaint makes two generalized and conclusory claims that appear, at least to some extent, to apply to Judges Drake and Monton: that they "Breached their Oath of Office" and the "Public Trust" (Am. Compl. 8); and that they conspired to violate the United States and Michigan Constitutions (Am. Compl. 10; *see also* Am. Compl. ¶¶ 27-28 (claiming that the judges "conspired" with Lilley Township in granting "a favorable judgment"). Plaintiffs do not clarify the nature of the alleged breaches of the judges' oaths, much less provide specific factual allegations to support the claims; nor do Plaintiffs provide factual allegations to support a finding that any conspiracy existed between the judges and anyone else. Accordingly, insofar as Plaintiffs

attempt to claim that the judges engaged in extra-judicial conduct, such claim will be dismissed for failure to state a claim (see discussion in Section III, below).  The claims against both judges otherwise relate to the exercise of their judicial offices, and will be dismissed pursuant to their judicial immunity.

### D. Plaintiffs Fail to State a Claim Against Bloom or the Named Township Defendants

Defendant Bloom and Township Defendants seek to have the claims in the amended complaint dismissed under Rule 12(b)(6) for failure to state a cognizable claim.  (Bloom's Br. Supp. Mot. 10-17; Township Defs.' Br. Supp. Mot. 11-21.)  As explained above, the Court analyzes whether a complaint states a cognizable claim under the *Twombly/Iqbal* framework. Under that framework, "a plaintiff must 'state a claim to relief that is plausible on its face' by 'plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 614 (6th Cir. 2024) (quoting *Twombly*, 550 U.S. at 570 and *Iqbal*, 556 U.S. at 668).  The complaint must contain sufficient factual allegations to raise a right to relief beyond speculation.  *Greer*, 114 F.4th at 614.

As Defendants note, to the extent the amended complaint alleges fraud, there is a heightened pleading standard.  Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud."  This requires specification regarding the "who, what, when, where, and how" of the alleged fraud.  *Greer*, 114 F.4th at 614.

Plaintiffs bring their federal causes of action under Sections 1981 and 1983.  The amended complaint fails to state a cognizable claim under either provision against Bloom or any of the named Township Defendants.[10]

---

[10] This Opinion does not analyze whether Plaintiffs state a claim against Lilley Township or its Zoning Board of Appeals, or whether Plaintiffs state a claim against the named Township Defendants in their official capacities (which

### 1. Plaintiffs Fail to State a Claim Under Section 1981 Against Any Defendant

Congress enacted the Civil Rights Act of 1866, 14 Stat. 27—Section 1 of which is codified at 42 U.S.C. § 1981—to vindicate the rights of formerly enslaved people following their emancipation.  Section 1981 "has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)).  This statutory provision is limited to protecting against racial discrimination.  *See, e.g., Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006).  Plaintiffs' amended complaint makes no mention of race whatsoever.  Accordingly, it fails to state a claim against any defendant under § 1981.  *See id.* (noting the necessity of pleading and proving intentional racial discrimination).

### 2. Plaintiffs Fail to State a Claim Under Section 1983 Against Bloom or the Named Township Defendants

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged violation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Accordingly, to state a § 1983 claim, Plaintiffs must plausibly allege both "(1) the deprivation of a right secured by the Constitution or laws of the United States and (2) [that] the deprivation was caused by a person acting under color of state law."  *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995) (internal quotes and citation omitted).

To be considered acting under color of state law, the defendant must have exercised authority "possessed by virtue of state law and made possible only because the wrongdoer is

---

are treated as claims against the Township itself, *see, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Regardless, those claims will be dismissed due to the statutes of limitations and Plaintiffs' waiver of their arguments.

clothed in the authority of state law." *Id.* at 49.  "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the part[y's] conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The Sixth Circuit employs three tests for determining whether a private party's conduct amounts to state action.  The first is the "public function test," which requires "that the private entity exercise[d] powers which are traditionally and exclusively reserved to the state." *Ellison*, 48 F.3d at 195 (internal quotation marks omitted).  The second, the "state compulsion test," requires a showing that the state "significantly encouraged or somehow coerced the private party, either overtly or covertly, to take particular action so that the choice is really that of the state." *Id*. The third is the "nexus test," which requires "a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor . . . that the action taken may be attributed to the state." *Id*.

Plaintiffs have failed to plausibly allege that Defendant Bloom was acting under color of state law with respect to the claims in the amended complaint.  They simply allege that he "was at all relevant times the Attorney of Record for Lilly [sic] Township." (Am. Compl. 6.)  There is nothing to suggest that Mr. Bloom did anything other than represent the township in the underlying case in the 27th Circuit Court, and the Court can only glean that from the fact that he and his law firm are listed as counsel of record in the Circuit Court's judgment of October 31, 2016.  (*See* Judgment, *Fulton v. Lilley Twp.*, PageID.548.)  Merely representing a state entity in litigation does not render an attorney a state actor for purposes of a § 1983 claim.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981) (holding that a public defender employed by the state does not have a sufficient relationship to act "under color of state law within the meaning of § 1983"); *Horen v.*

*Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 842 (N.D. Ohio 2009) ("attorneys do not become state actors by representing state or local governments"); *Blackwell v. Allen*, No. 21-cv-12284, 2022 WL 791408, at *3 (E.D. Mich. Mar. 14, 2022) ("Here, the state actor question is easily resolved by the rule that 'attorneys do not become state actors by representing state or local governments.'" (quoting *Horen*, 594 F. Supp. 2d at 842)).

Plaintiffs also name six Lilley Township officials as Defendants.[11]  (Am. Compl. 5-6.)  But the amended complaint is devoid of any factual allegation in which any of these individuals are named.[12]

A § 1983 claim "cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right."  *Terrance v. Northville Regional Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original).  In other words, Plaintiffs must identify *which* defendants committed *which* acts that purportedly violated their rights.  *See id.* (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)).  The only reference to any of the named Township Defendants in the amended complaint is in the case caption and the list of parties (*see* Am. Compl. 1, 5-6.)  This is insufficient.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." (citing *Flagg Brothers v. Brooks*, 436 U.S. 149, 155-57 (1978))).

---

[11] Supervisor Bob Bouwens, Clerk Fran Nelson, Treasurer Kathryn Wray, Trustees Gerald Anderson and Judith Hoving, and Zoning Administrator Jeffrey Wrobleski.

[12] The opinion of the 78th District Court, which is attached to the amended complaint, references Zoning Administrator Wrobleski's testimony in that proceeding (ECF No. 31-3, PageID.424-25), but there is nothing to suggest that he did anything to violate any of Plaintiffs' constitutional rights.

18

Plaintiffs' cryptic references to unnamed "Public Officers," "Public Actors," and Lilley Township's "elected and appointed public actors" are manifestly insufficient to establish individual liability.  *See, e.g., Moore v. Whitmer*, No. 21-1755, 2022 WL 18862075, at *2 (6th Cir., Aug. 12, 2022).  The failure to allege by name any wrongdoing on the part of the named Township Defendants warrants dismissal of the individual-capacity § 1983 claims against them.

### IV. SUPPLEMENTAL JURISDICTION

The doctrine of supplemental jurisdiction was originally established by the Supreme Court as a matter of federal common law under the term "pendent jurisdiction."  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  It is now largely codified at 28 U.S.C. § 1367.

Under that statute, "the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction over such a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

District courts retain broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims, discretion which "is bounded by constitutional and prudential limits on the use of federal judicial power." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).  "As a rule of thumb . . . [w]hen all federal claims are dismissed

before trial, the balance of considerations usually will point to dismissing the state law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

In determining whether to exercise supplemental jurisdiction after the dismissal of the federal claims, the Court must take into consideration the basis for the dismissal of the federal claims.  "Not all 'pretrial dismissals' affect supplemental claims in the same manner."  *Musson*, 89 F.3d at 1255.  Dismissals following summary judgment do not affect the Court's ability to resolve supplemental claims.  *Id.*  However, appellate courts closely scrutinize the retention of supplemental jurisdiction following the dismissal of claims under Rule 12(b)(6).  *See id.*

When courts dismiss all federal claims under Rule 12(b)(6), this creates "a strong presumption in favor of dismissing supplemental claims."  *Musson*, 89 F.3d at 1255 (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (dictum); *Vild v. Visconsi*, 956 F.2d 560, 570 (6th Cir. 1992) (dictum); *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (dictum); *Gaff v. FDIC*, 814 F.2d 311, 319 (6th Cir. 1987) (reversing district court's decision to exercise supplemental jurisdiction after Rule 12(b)(6) dismissal)).  One of the reasons for the Rule 12(b)(6) dismissal presumption is that it comes early in the case, before the court has expended time or resources on the state claims.  *See Musson*, 89 F.3d at 1255.  That presumption may be overcome by "unusual circumstances," *Gaff*, 814 F.2d at 318; for example, "some prejudice arising from relegating the case for trial in the state court," *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975).

The Court discerns no basis for finding an exception to the presumption in favor of dismissal of the state claims.  Accordingly, and to the extent the amended complaint raises state claims,[13] the Court declines to exercise supplemental jurisdiction over them.

## V. CONCLUSION

For all the foregoing reasons, the Court will grant Defendants' motions to dismiss (ECF Nos. 34, 35, 39) on the bases that all of Plaintiffs' federal claims are time-barred, Judges Drake and Monton are entitled to judicial immunity, and the amended complaint fails to state a federal claim against Bloom or the named Township Defendants in their individual capacities.  The Court will dismiss without prejudice Plaintiffs' state claims, having declined to exercise supplemental jurisdiction over them.

An order and judgment will enter consistent with this Opinion.

Dated: September 9, 2025                          /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 CHIEF UNITED STATES DISTRICT JUDGE

---

[13] Given the convoluted and incoherent allegations in the amended complaint, it is difficult to discern precisely which claims are federal and which are state claims.  Many appear to be a combination of both.